IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ALLEN OGDEN,** | : | CIVIL ACTION NO. 1:06-CV-2299 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| | : | |
| **HUNTINGDON COUNTY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is the motion of defendants Huntingdon County, Huntingdon County Prison, and Warden Duane Black (collectively "the Huntingdon County defendants") to dismiss the § 1983 claims asserted against them by plaintiff Timothy Allen Ogden ("Ogden"). For the reasons that follow, the motion will be granted.

**I.    Statement of Facts**[1]

The dispute in this case centers around physical injuries that Ogden suffered at the hands of another inmate while incarcerated at the Mifflin County Correctional Facility. The defendants in this case are Mifflin County, the Mifflin County Correctional Facility, Warden Bernie J. Zook, Deputy Warden James Crisswell, Corrections Officer Weaver (collectively "the Mifflin County defendants"), and the Huntingdon County defendants.

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

The facts leading up to Ogden's incarceration at the Mifflin County Correctional Facility are critical to his claims against the Huntingdon County defendants. On March 26, 2005, while on parole, Ogden was arrested for driving under the influence in Huntingdon County, Pennsylvania, and transported to the Huntingdon County Prison. (Doc. 1 ¶¶ 13-14.) Due to overcrowding in the Huntingdon County Prison, Ogden was transferred to the Mifflin County Correctional Facility in May 2005, pursuant to an agreement between the two institutions. (Id. ¶¶ 15-18.) Ogden alleges that after this transfer, he was in the "mutual custody" of Huntingdon and Mifflin counties. (Id. ¶¶ 15-16.)

On June 17, 2005, while in the Mifflin County Correctional Facility, Ogden was "viciously attacked" by an fellow inmate named Justin Herb ("Herb"). (Id. ¶ 19.) Ogden suffered "severe and serious injuries to his face, neck, head, brain, spinal cord, and various other parts of his person" and was life-flighted to a hospital where he received life-sustaining medical treatment. (Id. ¶¶ 20-21.) Ogden alleges that prior to the attack, Herb had exhibited "violent, vicious and abhorrent behavior" and had "continuously provoked confrontations, caused continuous disruptions and continuously disregarded all rules set forth" by the Mifflin County Correctional Facility. (Id. ¶¶ 22-23, 25.) Ogden further alleges that the Mifflin County defendants knew of Herb's behavioral problems prior to the attack, but took no action to punish him or to segregate him from the inmate population. (Id. ¶¶ 24, 28-29.) Finally, Ogden contends that the Huntingdon County defendants were aware of the Mifflin County defendants' policy of "placating rather than punishing

violent and disruptive inmates" when Ogden was transferred to Mifflin County Correctional Facility. (Id. ¶ 50.)

On November 29, 2006, Ogden filed the instant action, asserting a claim of cruel and unusual punishment pursuant to the Eighth Amendment to the United States Constitution. (See Doc. 1.) The Huntingdon County defendants filed the instant motion to dismiss, arguing that Ogden has failed to establish that they were deliberately indifferent to any serious risk of harm that Ogden faced in the Mifflin County Correctional Facility. (See Doc. 6.) The motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a means of redress for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a civil rights claim, a plaintiff must show

a "deprivation" of a constitutional or statutory right by a person "acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

    **A.**    **Claims against Huntingdon County Prison and Mifflin County Correctional Facility**

Municipalities and other local government bodies, such as Huntingdon County, are "persons" within the meaning of § 1983. See Sanders v. Susquehanna County Jail, No. 3:CV-05-2271, 2005 WL 2990697, at *2 (M.D. Pa. Nov. 8, 2005) (holding that Susquehanna County is a person for § 1983 purposes); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91 (1978). However, prisons and other correctional facilities are not "persons" within the meaning of § 1983. See Sanders, 2005 WL 2990697, at *2 (holding that Susquehanna County Jail is not a person for § 1983 purposes); see also Sponsler v. Berks County Prison, No. CIV. A. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995) (same, as applied to Berks County Prison). Accordingly, Huntingdon County Prison may not be sued pursuant to § 1983, and the court will grant the instant motion to dismiss with respect to all claims against Huntingdon County Prison.

While Mifflin County Correctional Facility did not move to dismiss the claims asserted against it by Ogden, the court's analysis of Huntingdon County Prison's motion to dismiss is clearly applicable to Mifflin County Correctional Facility. Thus, the court is faced with the question of whether to dismiss, *sua sponte*, the claims asserted by Ogden against Mifflin County Correctional Facility. *Sua sponte*

dismissal of claims is ordinarily disfavored.  Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002).  If, however, the basis for dismissal is apparent from the face of the complaint, *sua sponte* dismissal may be appropriate as a means of prompt and efficient disposition of cases that lack "a shred of a valid claim."  Baker v. Dir., U.S. Parole Com'n, 916 F.2d 725, 726 (D.C. Cir. 1990); see also Ray, 285 F.3d at 297.  Before *sua sponte* dismissal is appropriate, however, a court must give the plaintiff notice and an opportunity to be heard on the legal viability of his complaint.  Pourghoraishi v. Flying J, Inc., 449 F.3d 751, 765 (7th Cir. 2006); Dougherty v. Harper's Magazine Co., 537 F.2d 758, 761 (3d Cir. 1976).  That notice and opportunity to be heard may be provided by the act of a single defendant who raises a defense applicable to multiple defendants.  See Pourghoraishi, 449 F.3d at 765-66; Coggins v. Carpenter, 468 F. Supp. 270, 279 (E.D. Pa. 1979).  In the instant case, Huntingdon County Prison's motion put Ogden on notice of the legal argument that prisons and correctional facilities are not "persons" subject to suit pursuant to § 1983.  The court safely assumes that Ogden marshaled every fact and argument of law at his disposal to invalidate this claim and that his response to a similar motion by Mifflin County Correctional Facility would have been no different.  Accordingly, the court concludes that *sua sponte* dismissal of the claims against Mifflin County Correctional Facility is appropriate.

  **B.**  **Eighth Amendment Claim against Warden Black**

  The Eighth Amendment guarantees that individuals will not be subjected to "cruel and unusual punishments."  U.S. CONST. amend. VIII.  In the prison setting,

6

this provision prohibits officials from acting with "deliberate indifference" towards a "substantial risk of serious harm to an inmate," such as the risk of "violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 828, 832-34 (1994). Deliberate indifference can be established only by proof that a prison official knew of and chose to disregard an "excessive risk to inmate health or safety." Id. at 837. In other words, to be liable, a prison official must have: (1) been subjectively "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and (2) actually reached that inference. Id.

> Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious. For example, if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Id. at 842-43 (internal citations and quotations omitted).

In the instant case, Ogden alleges that Warden Black failed to protect him from an attack at the hands of an inmate in a different correctional facility.[2] Specifically, Ogden alleges that Warden Black made the decision to transfer him to

---

[2] The court notes that the Huntingdon County defendants are not absolved of liability simply because Ogden was not housed in the Huntingdon County Prison when he was attacked. See Farmer, 511 U.S. at 828 (reversing entry of summary judgment in favor of warden who transferred inmate to a different institution where inmate was attacked); see also Hamilton v. Leavy, 117 F.3d 742 (3d Cir. 1997) (same).

Mifflin County Correctional Facility despite his knowledge of the Mifflin County defendants' policy of "placating rather than punishing violent and disruptive inmates." (Doc. 1 ¶ 50.) Even accepting Ogden's allegations as true, the court finds that Ogden has failed to establish deliberate indifference on the part of Warden Black. The complaint does not allege any facts sufficient to establish that Warden Black knew that Ogden would face a substantial risk of harm if he were transferred to the Mifflin County Correctional Facility. Absent some facts to suggest that inmates at the Mifflin County Correctional Facility are exposed to an increased risk of inmate assault, Warden Black could not have been aware that transferring Ogden would subject him to a substantial risk of harm. Accord Benglen v. Zavaras, 7 F. Supp. 2d 1171, 1175 (D. Colo. 1998) (finding inmate's allegations that prison official deliberately transferred him to another institution "knowing the substandard conditions there" insufficient to establish deliberate indifference). Nor has Ogden alleged facts to suggest that he faced a greater risk of attack than any other inmate transferred to the Mifflin County Correctional Facility or that Warden Black was aware of inmate Herb's violent propensities. See id. (noting inmate's failure to identify any "specific risk" of which prison official knew or must have known). Accordingly, the court finds that Ogden's complaint fails to state an Eighth Amendment claim against Warden Black, and the motion to dismiss will be granted with respect to Ogden's claims against Warden Black. However, the court will grant Ogden leave to file an amended complaint alleging sufficient facts to suggest

that Warden Black was subjectively aware that Ogden would face a substantial risk of harm if transferred to the Mifflin County Correctional Facility.

### C. Eighth Amendment Claim against Huntingdon County

Municipalities and other local government entities may not be held liable under § 1983 for the acts of their employees under a theory of *respondeat superior* or vicarious liability. Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); see also Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991). However, a municipality may be held liable if the plaintiff can "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Id. (citing Monell, 436 U.S. at 694 ). A policy is an official proclamation or edict of a municipality, while a custom is a practice that is "so permanent and well settled as to virtually constitute law." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

In the instant case, Ogden alleges that Huntingdon County should be held liable for his injuries because the county had an affirmative policy of transferring inmates between the Huntingdon County Prison and the Mifflin County Correctional Facility. (Doc. 1 ¶¶ 15-18.) Where a municipal policy is "facially lawful, the plaintiff must demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences." Jackson v. County of Wayne, 217 F. App'x 103, 106 (3d Cir. 2007) (internal citations omitted). The court finds that Huntingdon County's policy of transferring inmates between institutions is facially lawful and serves the legitimate penological interest of reducing inmate

overcrowding.  Furthermore, the court finds that Ogden has alleged no facts sufficient to suggest that an increased risk of inmate assaults was a "known or obvious consequence" of this legitimate policy.  See id.  Accordingly, the court will grant defendants' motion to dismiss with respect to Ogden's claims against Huntingdon County.  However, the court will grant Ogden leave to file an amended complaint alleging sufficient facts to suggest that an increased risk of inmate assaults was a "known or obvious consequence" of Huntingdon County' spolicy.

**IV.     Conclusion**

For the foregoing reasons, the Huntingdon County defendants' motion to dismiss will be granted.  An appropriate order will issue.

   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:         August 15, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TIMOTHY ALLEN OGDEN,** | : | CIVIL ACTION NO. 1:06-CV-2299 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| | : | |
| **HUNTINGDON COUNTY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of August, 2007, upon consideration of the motion to dismiss (Doc. 6), filed by defendants Huntingdon County, Huntingdon County Prison, and Duane Black, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 6) is GRANTED.

2. Plaintiff's claims against defendants Huntingdon County, Huntingdon County Prison, Duane Black, and Mifflin County Correctional Facility are DISMISSED.

3. The Clerk of Court is directed to TERMINATE the above-named defendants.

4. With respect to the claims against defendants Huntingdon County Prison and Mifflin County Correctional Facility, leave to amend is DENIED as futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

5. With respect to the claims against defendants Warden Black and Huntingdon County, plaintiff is granted leave to file an amended complaint on or before August 29, 2007.

                                               S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge